## NAGY v. INTERNATIONAL CORK CO.

(Circuit Court of Appeals, Second Circuit. April 7, 1924.)

No. 298.

Patents ⊚⟶328—1,419,583, claims 1, 3, and 6, for attachment for cork-making machines, held not infringed.

Nagy patent, No. 1,419,583, claims 1, 3, and 6, for a feeding attachment for crown cork making machines, *held* not infringed.

Appeal from the District Court of the United States for the Eastern District of New York.

Bill in equity by Berthold Nagy against the International Cork Company. From a decree (290 Fed. 223) dismissing the bill, plaintiff appeals. Affirmed.

Plaintiff brought the usual bill for infringement of patent, which was dismissed below, and appealed from so much of the decree as found invalidity or noninfringement of claims 1, 3, and 6 of No. 1,419,-

583, issued to him for a "feeding attachment for crown cork making machines."

Gustave R. Thompson, of New York City, for appellant.

Newell & Spencer, of New York City (Emerson R. Newell, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Questions of fact only are presented by this appeal, and we deem it proper to do no more than signify our agreement with so much of the decision below as is sought to be reviewed.

Plaintiff contends for a construction of his patent, which might be appropriate, were his contribution to human knowledge of a primary, or even important, nature. This is not true; the invention finds place in a crowded and minor art. Specifically it relates to a labor-saving method of introducing cork discs into convenient touch with the metal caps that are to contain and inclose them; but the machines producing inclosure are something concerning which the patent says nothing. They are in fact well known and have long been used.

For the claims in suit reference may be had to the opinion below; it is enough to note that the plaintiff's scheme of operation is to let the discs fall from a hopper upon a way or plate inclined from the hopper discharge opening, toward the top of a vertical chute, in which the discs are stacked, and from the bottom of which a disc at a time may be fed to the crown-making machine. So much is not new, nor of that degree of skilled endeavor called invention; but plaintiff gives to his plate or conveyer way "a continuous vibratory movement * * * in the direction of the feeding movement." Claim 1.

We agree that, assuming validity, defendant does not infringe the combination of this claim, because (vibrating movement per se being old) defendant's device has no such direction of vibration as is specified in the claim. We further agree that the claim is invalid, certainly as to any broad interpretation thereof, on plaintiff's own disclosure in a prior patent to him (No. 1,063,720).

Claim 3 specifies "ways upon said frame, *inclined* from adjacent said *cross-bar toward said hopper,*" and defendant's ways are horizontal, and there is no cross-bar, nor any reasonable equivalent thereto; consequently there is no infringement.

Claim 6, like No. 3, covers a very limited and specific construction, and requires an "elliptical outlet," something to which plaintiff attached importance, and to which he assigned a function, as his own evidence shows. Defendant has no elliptical outlet, and infringement cannot be found.

Decree affirmed, with costs.